IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SIONE FINEFEUIAKI, #A0765881, | CIV. NO. 18-00452 JAO-RLP |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY |
| vs. | |
| DEBORAH TAYLOR, | |
| Respondent. | |

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Before the Court is pro se prisoner Sione Finefeuiaki's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition"). ECF No. 1. Finefeuiaki states that he is awaiting trial in the Circuit Court of the Second Circuit, State of Hawaii, in *State v. Finefeuiaki*, Cr. No. 2CPC-18-0000090 (Haw. 2d Cir. Ct. 2018), and *State v. Finefeuiaki*, Cr. No. 2CPC-17-0000945 (Haw. 2d Cir. Ct. 2017). *See* Pet., ECF No. 1, PageID #1.[1] As a pretrial detainee, Finefeuiaki does not challenge his sentence or conviction, or the fact of his pretrial detention, but instead challenges the conditions of his confinement at the Maui Community

---

[1] Public records show that Finefeuiaki is also awaiting trial in 2CPC-18-0000548; 2CPC-18-00000547; and 2CPC-18-0000092. *See* www.courts.state.hi.us. (last visited Nov. 26, 2018).

Correctional Center ("MCCC"). For the following reasons, the Petition is DISMISSED and any request for a certificate of appealability is DENIED.

## I. BACKGROUND

Finefeuiaki complains that inmates and guards at MCCC have harassed, targeted, and assaulted him, and that MCCC officials falsely charged him with disciplinary infractions between March and November 2018. He complains overall that MCCC officials have not provided him safe custody at MCCC. Finefeuiaki has grieved these claims through the facility's grievance system, but it does not appear that he has sought relief in the Hawaii state courts.

Finefeuiaki has raised substantially similar claims in two of his recent federal civil rights actions. *See Finefeuiaki v. Zane*, No. 1:18-cv-00249 DKW-KJM (D. Haw. June 25, 2018); and *Finefeuiaki v. Maui Cmty. Corr. Ctr. and Staff also Affiliates*, No. 1:18-cv-00453-HG-KSC (D. Haw. Nov. 19, 2018).[2]

Finefeuiaki seeks an injunctive order directing the State of Hawaii to grant him supervised release, probation, transfer to federal custody, rehabilitation, or simply drop his criminal charges.

---

[2]Finefeuiaki has also brought claims against the Maui County Police Officers who arrested him. *See Finefeuiaki v. Maui Police Dep't, et al.*, No. 1:18-cv-00325 JAO-KSC (D. Haw. Aug. 18, 2018).

## II. STANDARD OF REVIEW

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to entertain a writ of habeas corpus "within their respective jurisdictions," from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a) and (c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules") applies to habeas petitions brought pursuant to 28 U.S.C. § 2241[3] and requires summary dismissal of a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## III. DISCUSSION

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). "[H]abeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas corpus, and

---

[3] *See* Rule 1(b) of the Habeas Rules.

such claims may not be brought in a § 1983 [civil rights] action." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). *Nettles* further sets forth "the correlative rule that a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Id.* That is, claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions. *Id.* at 934. If success on a habeas petitioner's claim would not *necessarily* lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and thus, is not cognizable under 28 U.S.C. § 2241. *Id.* at 935 (citing *Skinner v. Switzer*, 562 U.S. 521 (2012)).

Success on Finefeuiaki's challenge to the conditions of his confinement at MCCC will not lead to his immediate or earlier release. Rather, success here might lead to an award of damages, discipline for those allegedly responsible for Finefeuaki's claims, or perhaps a negotiated settlement between the State and Finefeuiaki that includes a transfer to another state prison while he awaits trial. Finefeuiaki's Petition clearly does not fall within the "core" of habeas, however, and his claims "must be brought, if at all, under § 1983." *Nettles*, 830 F.3d at 927.

Finefeuiaki fails to state a cognizable federal habeas claim for relief and the Petition is DISMISSED.

## IV. **CONVERSION OF THE PETITION**

"[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." *Nettles*, 830 F.3d at 936. "If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Id.* (citation, quotation marks, and emphasis omitted).

The Court declines to convert Finefeuiaki's Petition into a civil rights complaint. First, Finefeuiaki makes no specific allegations against Respondent Deborah Taylor showing her personal involvement in his claims. He names only several prison guards and inmates in connection to his allegations. Moreover, his claims are somewhat vague, conclusory, and seemingly unrelated to each other in a manner that fails to comply with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8, 18, and 20.

Second, if the Petition were converted to a civil rights complaint, Finefeuiaki would be subject to the provisions and restrictions of the Prison Litigation Reform Act ("PLRA"), including full payment of the $350.00 civil filing fee for a civil rights complaint, rather than the $5.00 fee for a habeas petition. The PLRA also places several restrictions on the number of civil actions a prisoner may be able to bring in forma pauperis, and the type of relief that may be awarded. *See* 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e.

Third, Finefeuiaki has raised several of the claims he raises herein in at least two of his pending federal civil rights actions. *See Finefeuiaki v. Zane*, No. 1:18-cv-00249 DKW-KJM (alleging conditions of confinement claims that allegedly occurred at MCCC in March and April 2018); and *Finefeuiaki v. Maui Cmty. Corr. Ctr. and Staff also Affiliates*, No. 1:18-cv-00453-HG-KSC (same). If he has additional facts or claims to add to these actions that are set forth in the Petition, as it appears, Finefeuiaki can move to amend his claims in compliance with Fed. R. Civ. P. 15. To the extent that he seeks *release* based on the conditions of confinement that he alleges, Finefeuiaki is notified that he has no constitutional right to be considered for early release, or to a transfer to federal custody. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (holding prisoner has no right to remain in or transfer from a particular prison).

Fourth, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971); *see also, Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (stating *Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."). Abstention is required when "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *see also Sprint Commc'ns v. Jacobs*, 134 S. Ct. 584, 591 (2013); *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund.*, 754 F.3d 754, 759 (9th Cir. 2014). If the Petition were converted to a civil rights action, abstention must be addressed and might be required.

Finally, although Finefeuiaki has filed grievances regarding his claims, it is unclear whether he completed the grievance process before filing the Petition. The exhaustion requirements for filing a prisoner civil rights complaint differ
7

significantly from those required for a federal habeas action. The Court will make no determination on this issue before Finefeuiaki has considered it himself.

The present Petition is not amenable to conversion due to the differences and disadvantages that recharacterization may have on Finefeuiaki's claims. This does not prevent Finefeuiaki from filing a new complaint pursuant to 42 U.S.C. § 1983 on his own, however, after he carefully considers his options.

## V. **CONCLUSION**

(1) Finefeuiaki's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus is DISMISSED without prejudice, but without leave to amend.

(2) To the extent Finefeuiaki raises conditions of confinement claims that do not impact the duration or fact of his detention or interfere with his ongoing state criminal proceedings, those claims are DISMISSED without prejudice to raising them in a civil rights action.

(3) Finefeuiaki cannot make a substantial showing that reasonable jurists would find the dismissal of his Petition either debatable or incorrect, therefore any request for a certificate of appealability is DENIED. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); Rule 11(a) of the Habeas Rules.

//

//

(4) Any pending motions are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, November 27, 2018



Jill A. Otake
United States District Judge

*Finefeuiaki v. Taylor*, No. 1:18-cv-00452 JAO-RLP; hab '18 Finefeuiaki 18-452 jao

9